EAU CLAIRE LUMBER COMPANY, Defendant in Error, *v.*
CHARLES K. ANDERSON, Plaintiff in Error.

| 13 | 429 |
| 99 | ⁶453 |

### March 27, 1883.

1. TAXES — ASSESSMENTS — PRESUMPTION OF OWNERSHIP. — Where the law requires that an assessment for taxation, shall be in the name of the apparent owner, evidence that an assessment, levy, and sale for taxes for five years was had in the name of one person, raises the presumption that such person was the apparent owner.

2. —— Proof that the defendant, as owner of an interest in the land, the character of which interest is not disclosed, was in possession during the same period, does not rebut this presumption of apparent ownership.

3. —— Nor is this presumption rebutted by proof that the defendant went into possession, and was so in possession at the trial, under a deed from a third person who is not shown to have ever owned any interest in the land.

4. DELIVERY OF DEED. — The delivery for record, of a deed of land will be deemed a delivery to the grantee, and will operate, by a presumed assent, until a dissent is shown.

5. ENCUMBRANCES — BREACH OF WARRANTY. — A grantee who holds an undivided one-half of a tract of land under a warranty deed, an undivided forty-first part of which is subsequently sold under a lien for taxes on the entire tract and which existed when he purchased, is entitled, in an action for a breach of warranty, to recover a fair price paid to extinguish the encumbrance.

6. ASSESSMENTS. — Land forfeited to the state for taxes under the revenue law of 1869, are afterwards properly assessed for taxation.

7. JUDGMENTS — CLERICAL ERROR. — A mistake in entering a decree, which is manifestly a clerical error, which cannot mislead, and which does not prejudice the appellant, is not ground for a reversal.

ERROR to the St. Louis Circuit Court, GOTTSCHALK, J.
*Affirmed.*

W. C. MARSHALL, for the plaintiff in error: The assessments, levies, and sales, being in the name of Thomas, were nullities, and the failure of Anderson to pay them constituted no breach of his covenants. — Rev. Stats. 1865, p. 100, sect. 13; *Abbott* v. *Lindenbower*, 42 Mo. 162; *Hume* v. *Wainscott*, 46 Mo. 145; *Abbott* v. *Doling*, 49 Mo. 302.

Under the statutes of 1865, assessments were required to be made in the name of the owner, "and before a levy, forfeiture, or sale he should be notified by advertisement, published for four weeks, in some newspaper, of the delinquency." — Rev. Stats. 1865, p. 129, sect. 119 ; *Large* v. *Fisher*, 49 Mo. 307 ; *Spurlock* v. *Allen*, 49 Mo. 178 ; *Yankee* v. *Thompson*, 51 Mo. 234 ; *Smith* v. *Funk*, 57 Mo. 239 ; *Hubbard* v. *Gilpin*, 57 Mo. 441.

FRED. WISLIZENUS, for the defendant in error : The delivery of a deed, for the benefit of the grantee, for record, is, in the absence of a rejection by the grantee, a sufficient delivery. — *Gorman* v. *Stanton*, 5 Mo. App. 585 ; *Meyer* v. *Hill*, 13 Mo. 247 ; *Kane* v. *McKown*, 55 Mo. 181 ; *Dale* v. *Lincoln*, 62 Ill. 24 ; *Cecil* v. *Beaver*, 28 Iowa, 243. Statutory covenants run with the land and inure to him who suffers actual damage by their breach. — *Walker* v. *Deaver*, 5 Mo. App. 139 ; *Dickson* v. *Desire*, 23 Mo. 151 ; *Chambers* v. *Smith*, 23 Mo. 179 ; *Maguire* v. *Riggin*, 44 Mo. 512. The burden is on him who denies the validity of an assessment. — Blackwell on Tax Tit. 145 ; *Sully* v. *Kuhl*, 30 Iowa, 276 ; *Railroad Co.* v. *Maguire*, 49 Mo. 482 ; *Insurance Co.* v. *Charles*, 47 Mo. 462. The owner is not necessarily the holder of the legal or equitable title. — *Stockdale* v. *Webster*, 12 Iowa, 536 ; *Willard* v. *Blount*, 11 Ired. 624.

BAKEWELL, J., delivered the opinion of the court. .

This was an action for a breach of covenant of warranty implied in the words, "grant, bargain, and sell." The petition alleges that defendant, on April 18, 1872, conveyed to one Chapman the undivided half of a tract of land in the city of St. Louis, which is described, which premises were acquired by Anderson by deeds of one Salisbury, as to a part thereof, and by deed of one Bissell, as to the residue of the tract; that on June 24, 1872, Chapman conveyed to the plaintiff all his right, title, and interest in the premises. These allegations are made part of each count.

The first count states that, at the time of the deed to Chapman, there was outstanding in one Donegan a tax-title to an undivided forty-fifth of the land in question; said land having been duly sold for the unpaid taxes of 1866, at which time defendant was in possession of, and owned an interest in, the premises; that Donegan was by law entitled to $75 for redemption of his interest in the land; and that plaintiff, on March 25, 1874, paid to Donegan $37.50 in order to free plaintiff's one-half interest from the encumbrance; for which sum he asks judgment. The second count alleges that, at the time of the conveyance to Chapman, there was outstanding in one Chambers a certificate of title to one undivided forty-first of this real estate, said real estate having been duly sold for the unpaid taxes of 1867, at which time defendant was in possession of, and owned an interest in, the premises; that Chambers was entitled by law to the sum of $107.71 for the redemption of his said interest, and that plaintiff paid to Chambers, on March 28, 1874, $53.59, in order to free his one-half interest from this encumbrance; he asks judgment of this sum. The third count states that, at the time of the conveyance to Chapman, the real estate was encumbered with the liens of taxes assessed and unpaid on said property for 1868, 1869, 1870, and 1871; that, during all that time, defendant was in possession of, and owned an interest in, the property, and the taxes of said years remaining unpaid, the state advertised and sold the lot in conformity to law, and bought and held the title thereto; and that plaintiff, to redeem its one-half interest, paid out, on March 28, 1874, $181.42, for which it asks judgment.

Defendant, in his answer, denies all the allegations of the petition as to outstanding tax-titles and liens and these payments by plaintiff, and the conveyance by Chapman; but does not traverse the other allegations of the petition.

On the trial, the deeds described in the petition were introduced. The deed from Anderson contained the words "grant, bargain, and sell," and an express covenant of gen-

eral warranty. Plaintiff also introduced a deed from Bissell to defendant, dated October, 1847, for a tract of land embracing that in question here. This deed purports to convey the fee. Plaintiff then introduced evidence tending to show that defendant went into possession of the land mentioned in the deed from Bissell, under said deed, and that plaintiff was, at the time of the trial, in possession of the land described in the deed to Chapman.

The bill of exceptions then states that "plaintiff introduced testimony tending to show that the land, or a part thereof, had been assessed, levied upon, and sold for the general state, county, school, and municipal taxes for 1867, 1868, 1869, 1870, and 1871, for sums of money equal to the amount for which the court has found on the second and third counts of the petition; and that it appeared from the testimony that all said assessments, levies, and sales had taken place under taxation and assessment of the said land in the name of Margaret Thomas as the owner thereof; and it also appeared from the said testimony that plaintiff had redeemed and paid said back taxes for said years, with sums of money about equal to those mentioned in the verdict herein on the second and third counts of the petition. The plaintiff then rested; and this was all the testimony in the cause, both parties admitting the foregoing facts to be the true state of the matters in dispute herein."

The cause was tried without a jury. The court found for defendant on the first count, and for plaintiff on the other counts, assessing "damages, on the first count, at the sum of $58.04, and on the second count, at the sum of $196.42; total, $254.46," etc. This is evidently a clerical error of "first" and "second" for "second" and "third." The decree further states that "plaintiff recover of defendant, on the second and third counts of the petition, the damages aforesaid as assessed, together," etc.

Under the law as it stood when these taxes were assessed, it was held that it might be shown against the tax-deed

itself (even though the statute made the deed " conclusive evidence " that the tax collector had complied with the law), that the assessment was in the name of a person who never had been the owner of the land. It was held that an assessment of real estate in the name of a person who had at no time been owner of the land, was an absolutely void assessment; and that it was incompetent for the legislature to make the deed conclusive evidence as to matters vitally essential to a valid exercise of the taxing power, and thus to shut out all evidence that indispensable steps without which no tax could lawfully be raised had not been taken. *Abbott* v. *Lindenbower*, 42 Mo. 162. The law required that the land should be assessed to the person appearing to be the owner at the time of the assessment; and where this was not done, the assessment was held to be void. *Hume* v. *Wainscott*, 46 Mo. 145. And it was held that the tax-deed was *prima facie* evidence of facts necessary to constitute title, and the *onus* was on him who attacked its validity. *Abbott* v. *Lindenbower*, 46 Mo. 291.

It is not said in the bill of exceptions that the tax-deeds were introduced in evidence, but that evidence was introduced tending to prove that the land, or part thereof, had been assessed, levied upon, and sold, for general taxes for the years from 1867 to 1871, both inclusive, in the name of Margaret Thomas. This raises a presumption that Margaret Thomas at that time was the owner, or at least the apparent owner, of the land, so that any one interested in seeing that the taxes were paid upon the land would look to find it listed in her name. Against this presumption, defendant has nothing to offer but admissions that defendant was in possession of, and owned an interest in, the premises, the evidence that defendant went into possession of a tract of which this land was a part, under a deed from Bissell dated in 1847, and that plaintiff was in possession of the land in question at the date of the trial; and the deeds for

the land from Bissell to Anderson, and from Anderson to Chapman, introduced by the plaintiff.

The deeds, certainly, do not show that Mrs. Thomas was not the apparent owner; nor do they show that she was not the real owner of the land. It is not shown that Bissell ever owned it. It is admitted by the pleadings that defendant was in possession of these premises, and owned an interest in them during 1866, 1867, 1868, 1869, 1870, and 1871; but this is not inconsistent with Mrs. Thomas' being the real, still less with her being the apparent, owner of the land. It is not said what interest defendant owned during these years. His possession may have been that of a tenant, and his interest may have been that of owner of an undivided small fractional interest, such as would not prevent Mrs. Thomas from being, not only the apparent owner of the land, but the real owner, in a sense sufficient to uphold an assessment of the land in her name. The evidence is sufficient to support the finding, so far as the validity of these assessments goes.

2. The evidence is also sufficient as to the delivery of the deed from Chapman to the plaintiff. The certificate of the recorder of deeds shows that the deed was recorded in his office on the day on which it was acknowledged by Chapman. It was admitted by plaintiff that this deed had not been actually delivered to plaintiff during Chapman's lifetime, but that, some time after his death, it was found in the recorder's office by one of plaintiff's officers. Defendant objected that these facts did not show a delivery, or intention to deliver the deed. That the deed was not "actually" delivered to plaintiff, can only mean that the grantor did not place it in the hands of one of plaintiff's officers. The deed is for plaintiff's benefit, and the delivery for record ought to be deemed a delivery to the grantee. *Major* v. *Hill*, 13 Mo. 250; *Gorman* v. *Stanton*, 5 Mo. App. 585. It is evident that plaintiff accepted the deed. It would

operate by a presumed assent until a dissent appeared. *Dale* v. *Lincoln*, 62 Ill. 24.

3. It is contended that, as plaintiff acquired only an undivided half in this land, a tax-sale of an undivided forty-first part would not affect plaintiff's interest in the land. The sale was under a lien for taxes against the whole tract, existing at the date of Anderson's deed. The covenant against encumbrances was broken as soon as made, and enured to the benefit of the grantee in the line of succession upon whom the loss fell. *Walker* v. *Deaver*, 5 Mo. App. 139. The covenantee was entitled to recover whatever fair price he paid to extinguish the encumbrance. *Ibid.*, p. 148. The lien was originally against the entire tract, and the fact that one undivided forty-first part had been sold by the state, to collect the tax, did not relieve the interest which plaintiff held from the burden.

4. It is contended that the assessments and forfeitures after 1869 were void, on the ground that land once forfeited to the state could not be again assessed. This is a mistaken view of the provision of the Revenue Law. *The State ex rel.* v. *Heman*, 7 Mo. App. 420 ; *The State ex rel.* v. *Werner*, 10 Mo. App. 41.

5. The clerical error in the judgment does not seem to be any ground for disturbing the judgment. There is a finding for defendant on the first count, for the reason that it does not appear that there were unpaid taxes for 1866, as charged in that count, and the decree is, that plaintiff recover on the second and third counts "the damages aforesaid assessed." The total amount is correctly stated, as is also the amount found on each separate count. The damages on each count were separately assessed. The obvious clerical error in the early part of the decree can work no prejudice to plaintiff or defendant ; it explains itself.

The judgment is affirmed. All the judges concur.