**Herbert BULTEMEIER, Appellant,**

**John J. Ridgway, Jr., Petitioner,**

**v.**

**Virginia A. RIDGWAY, Respondent.**

**No. WD 45091.**

Missouri Court of Appeals,
Western District.

Aug. 4, 1992.

Dale A. Norris, Kansas City, Kennedy O. McCutcheon, Jr., Versailles, for appellant.

Joyce B. Kerber, Independence, for John J. Ridgway, Jr.

Gregory D. Williams, Sunrise Beach, for Virginia A. Ridgway.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Herbert Bultemeier, appeals from the judgment of the trial court denying his Motion to Set Aside Execution Sale and Refund Purchase Price (Motion to Set Aside).

In a dissolution action between respondent, Virginia Ridgway, and her former husband John Ridgway, Virginia Ridgway received a judgment against John Ridgway and then sought to satisfy said judgment by execution and sale of real estate which was the property of John Ridgway. Subject to a writ of execution initiated by Virginia Ridgway, a sheriff's sale was conducted on the property in question here to satisfy Virginia Ridgway's judgment in the amount of $29,500 at the time of the sale.

At the sale, appellant Herbert Bultemeier bid and paid the sum of $67,000 for the property. Bultemeier thereafter learned that he took the property subject to an outstanding lien in the form of a deed of trust of record in relation to a mortgage against the property. Subsequent to his purchase of the property, Herbert Bultemeier filed his Motion to Set Aside which motion was denied after hearing by the trial court.

■ Before addressing the merits of this appeal, it is noted that respondent Virginia Ridgway argues that appellant Bultemeier's points relied on are fatally defective in that they fail to state any ruling or action of the trial court sought to be reviewed or wherein the evidence gives rise to the ruling for which appellant contends, citing *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) and Rule 84.04(d). This court recognizes that appellant's points relied on were not artfully drafted and are not in strict compliance with Rule 84.04(d). Nonetheless, previous notice of dismissal together with opportunity to correct the errors was not given. *See, Longmier v. Kaufman*, 663 S.W.2d 385, 390 (Mo.App.1983).

We do not condone appellant's failure to comply with the rules and we may, in certain cases, dismiss an appeal for violation of the rules or take such other action as justice requires. Rule 84.08. As a matter of discretion, however, we will usually undertake a review on the merits where the disposition of the merits is not hampered by the rule violation. This discretion arises from the principle that the law favors a disposition on the merits and the common sense view that the litigants should not be punished for the dereliction of lawyers. *Williams v. MFA Mutual Insurance Company*, 660 S.W.2d 437, 439 (Mo.App.1983).

Bultemeier's brief is readily understood to argue that the trial court erred in overruling his Motion to Set Aside because the sheriff conducting the sale misstated the law in regard to how the sale proceeds would be applied in relation to any lien against the property. Appellant argues that the sheriff conducting the sale advised that the sale proceeds would be applied first to satisfy any lien against the property and that this was a misstatement of the law by which he suffered prejudice. This point is both argued in appellant's brief and answered in respondent's brief. We find it both possible and appropriate to address this case on the merits.

In reviewing a court tried case, an appellate court must sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ It has long been settled that, absent fraud on the part of the sheriff, the rule of caveat emptor applies to sheriffs' execution sales. *Minto v. Minto*, 240 Mo. App. 107, 217 S.W.2d 729, 732 (1949). The maxim "caveat emptor" summarizes the rule that a purchaser must examine, judge and test for himself. Black's Law Dictionary, Fifth Edition. Furthermore, a buyer at an execution sale is bound to take notice of facts exhibited by the public record. *Glassburner v. Burtrum*, 418 S.W.2d 119, 122 (Mo.1967). Therefore, a buyer at an execution sale takes subject to all prior liens and encumbrances of record. *Hunter v. Hunter*, 327 Mo. 817, 39 S.W.2d 359, 366 (1931).

■ Bultemeier relies chiefly on *City of St. Louis v. Peck*, 319 S.W.2d 678 (Mo.App. 1959), for an exception to the rule of caveat emptor, beyond the exception of fraud on the part of the sheriff. *City of St. Louis v. Peck* holds at 682, citing *State ex rel. Hartley v. Innes*, 137 Mo.App. 420, 118 S.W. 1168 (1909), that "[e]xecution sales

may be set aside upon motion of parties, not only in cases of fraud or where inadequacy in the sales price is so great as to shock the judicial conscience, but also in cases of irregularity in the conduct of the sale to the prejudice of any party having an interest in the action, or cases of accident or surprise where because of some misunderstanding, mistake, misapprehension or other fortuity the parties are prevented from being present at the sale to protect their interests." Bultemeier argues, relying on *Peck,* that any irregularity in the conduct of an execution sale to the prejudice of any party having an interest is sufficient to set aside the sale. However, the facts of *Peck* and *Hartley* suggest otherwise. Both of these cases dealt with loss to the property owners as a result of irregularities of notice of sale. The holding in *Peck* does not serve to protect a buyer at a sheriff's sale from the application of the general rule of caveat emptor.

The record reflects that Bultemeier neither alleged or proved fraud on the part of the sheriff conducting the execution sale. It was shown that the sheriff misstated the law by advising that if there was a lien against the property the proceeds of the sale would be applied first to satisfy the lien. However, there was no allegation or proof that such statement was fraudulently made.

The judgment of the trial court was in accordance with the law and the evidence. Judgment affirmed.

All concur.