Jean Marie WEST, Plaintiff–Respondent,

v.

Conley WEST, Jr., Defendant–Appellant.

No. 18393.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 5, 1994.

Motion for Rehearing or Transfer to
Supreme Court Denied Jan. 27, 1994.

Application to Transfer Denied
March 22, 1994.

Gary L. Smith, Steven B. Jackson, Smith & Jackson, Lebanon, for defendant-appellant.

J. Kent Robinson, Williams, Robinson, Turley & White, Rolla, for plaintiff-respondent.

GARRISON, Judge.

Conley West, Jr. (Defendant) appeals from a judgment granting his ex-wife, Jean Marie West (Plaintiff) an interest in his non-disability military pension. The judgment resulted from Plaintiff's suit, filed January 28, 1991, in which she sought an equitable division of the pension on the theory that a part of it constituted marital property which was not divided in their dissolution decree. She later amended the petition to allege "accident or mistake" as the reason for the omission.

The December 19, 1970 marriage of the parties was dissolved on September 29, 1986, pursuant to a petition filed by Plaintiff in Pulaski County. At that time, Defendant was a member of the U.S. Army, stationed at Missouri Western State College in St. Joseph, Missouri as an R.O.T.C. instructor.

Before employing her attorney and filing the petition, Plaintiff consulted with a JAG officer at Fort Leonard Wood concerning Defendant's military pension. According to her testimony, she was told in the less-than-five-minute conversation that she was entitled to a part of the pension when her husband retired, which she construed as meaning that she could not obtain any portion of it at that time. The JAG officer did not, however, advise her one way or the other about whether the pension was marital property. She informed her husband that she intended to seek a dissolution of their marriage, and they discussed division of their property and

reached an agreement on everything except his pension and her civil service pension.[1]

According to Defendant, Plaintiff told him she intended to pursue an interest in his pension at a later date, and he informed her that if she did he would give it all to charity. Plaintiff, however, denied that they "directly" discussed the pension, although she admitted that it was her intention to make a claim for part of it after Defendant retired. Shortly thereafter she employed a civilian attorney and gave him the terms of the settlement reached with Defendant, but she mentioned nothing about the military pension because she understood that she was not entitled to a part of it until he retired.

Defendant also testified that at some point he received a letter from Plaintiff's attorney which contained a list of property but which made no mention of his military pension or Plaintiff's civil service pension. He amended the list to include his chain saw and returned it to the attorney. He later received a copy of a separation agreement from the attorney which provided that Plaintiff was to keep any "retirement plans of any kind heretofore or hereafter acquired by Wife"[2] but which made no mention of his pension. According to his testimony, Defendant called the attorney and informed him of the omission, saying that his retirement should be treated exactly as his wife's. He stated that the attorney told him to sign the separation agreement and return it, and that his pension would be added to the document before it was submitted to the court. The attorney testified, however, that while he did not remember the conversation, he was certain he did not make any such statements because that would be contrary to his practice.

When the petition for dissolution was submitted to the court, only Plaintiff and her attorney appeared.[3] No mention was made of Defendant's military pension and Plaintiff's testimony included the fact that Defendant was a member of the armed forces; that Defendant had agreed with her "about the division of the marital property"; and "in that connection, has signed a marital settlement and separation agreement." The separation agreement, with no mention of Defendant's military pension, was presented to the trial court for its approval and was incorporated by reference in the decree.

Defendant received a copy of the dissolution decree with the attached separation agreement. Although he noticed that his military pension had not been added to the separation agreement and was not mentioned in the decree, he did not contact Plaintiff's attorney or take any other action. Approximately four and one-half years later, Plaintiff filed this suit to obtain an interest in Defendant's pension.

Appellate review of this court-tried case is governed by the principles announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Thus, the judgment must be upheld "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.*

■ Marital property, omitted from a dissolution decree which has become final, may be divided in a subsequent independent action in equity if the decree was obtained by extrinsic fraud, accident or mistake. *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988); *McElroy v. McElroy*, 826 S.W.2d 105, 106 (Mo.App.1992). Although Defendant raises three issues in the instant case, the one which we conclude is determinative is his contention that the judgment should be reversed because the trial court erroneously applied the law. Accordingly, we do not reach Defendant's other points.

Plaintiff alleged only "accident or mistake" in her petition as the reason the pension was not divided as part of the marital property. She did not plead and does not argue that

---

1. There is no testimony that they actually discussed her pension.

2. Plaintiff does not contend that this provision contemplated that she would receive an interest in Defendant's military pension. Rather, she admits that it refers to her civil service pension.

3. Defendant did not retain counsel in connection with the dissolution proceedings and was in default.

extrinsic fraud was the reason for the omission.

"Accident" as a ground for equitable relief has been defined as:

> ... an unforeseen and unexpected event, occurring external to the party affected by it and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wish, he loses some legal right or becomes subjected to some legal liability, and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain.

*State ex rel. Hartley v. Innes,* 137 Mo.App. 420, 118 S.W. 1168, 1170 (1909). Black's Law Dictionary 15 (6th ed., 1990) defines "accident" as:

> ... a fortuitous circumstance, event, or happening; an event happening without any human agency, or if happening wholly or partly through human agency, an event which under the circumstances is unusual and unexpected by the person to whom it happens....

In the instant case, there was no evidence that omission of the pension was unexpected or without human agency. In fact, Plaintiff intentionally did not pursue her interests in the pension in the dissolution proceeding, intending to pursue it at a later time.

■ The concept of "mistake" as a ground for equitable relief is described in 30A C.J.S. *Equity* § 44 (1965) as:

> ... an erroneous mental condition, conception, or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but without negligence, and resulting in some act or omission done or suffered erroneously by one or both of the parties to a transaction, but without its

erroneous character being intended or known at the time.

In the instant case, Plaintiff knew that Defendant had a vested but unmatured pension which he would receive upon retirement and knew that she was entitled to some interest in it at some point in time. There is no allegation that Defendant concealed or misrepresented any facts concerning the pension. She testified at trial, and states in her brief, that the military pension was not distributed as a consequence of her mistaken belief that she could not make a claim or pursue division of it unless and until her husband retired. A mistake concerning whether Plaintiff was then entitled to seek division of the pension as a marital asset is a mistake of law. *See Dukes v. Dukes,* 859 S.W.2d 264, 269 (Mo.App.1993). As this court said in *Dukes, supra:*

> The law has often been stated that equity will not relieve against a mistake of law, at least where the mistake is one of law pure and simple, whether such mistake is set up for affirmative relief or defensively. [Citations omitted.] Moreover, "[e]ven equity will not relieve against mistake when the party complaining had within his reach the means of ascertaining the true state of facts, and, without inducement by the other party, neglects to avail himself of his opportunities of information." [4]

*Id.*

Plaintiff admits that she failed to discuss the pension with her civilian attorney or bring its existence to his attention.[5] She also signed the separation agreement prepared by her attorney which contained no mention of the pension; she told the court that she and her husband had agreed "about the division of the marital property"; and she requested the court to approve the agreement

---

**4.** An exception to the general rule that equity will not grant relief from a mistake of law has been recognized where the mistake is induced or accompanied by inequitable conduct by the other party. *See Handly v. Lyons,* 475 S.W.2d 451, 463 (Mo.App.1971), and *First Nat. Bank of Kansas City v. Schaake,* 203 S.W.2d 611, 615 (Mo.App. 1947). No such claim is made by Plaintiff in the instant case, however.

**5.** Her testimony concerning the one conference with the JAG officer is unclear as to whether she informed him she was contemplating a dissolution action and whether she understood that she could not then seek to establish an interest in the pension as marital property as opposed to actually receiving any of the benefits prior to her husband's retirement.

notwithstanding the fact that it contained no provision concerning the subject pension.[6]

In the instant case, the trial court did not purport to find extrinsic fraud, mistake or accident as its basis for dividing the pension. Rather, it states, in its findings of fact, that Plaintiff was "aware that Defendant had a vested but unmatured interest in a military pension ...";  she was told by the JAG officer that she was not entitled to division and distribution of the pension until Defendant actually retired; she relied on the JAG officer's advice and did not request that the pension be included in the division of marital property at the time of the divorce; "her conduct after the divorce clearly indicated that she did not intend to waive any right she might have in the military pension"; and "[i]t is clear from the evidence adduced she intended to pursue an action to obtain a distribution as soon as she thought she could, i.e. when Defendant actually retired."[7]  As we interpret this finding, the trial court granted the equitable relief sought by Plaintiff upon a finding which was equivalent to a mistake of law.  In this regard, we conclude that the trial court erroneously applied the law, and the judgment is therefore reversed.

FLANIGAN, P.J., and CROW, J., concur.

---

6. Although the issue is not raised by Defendant, the separation agreement signed by Plaintiff and which she asked the trial court to approve contained some provisions which are similar to those discussed in *Dukes v. Dukes*, 859 S.W.2d at 265.  They include:

> Whereas, the parties hereby desire to fully and finally settle all property rights, claims and interests of and between them....
>
> ....
>
> 8.5  Subject to the provisions of this agreement, each party has remised, released and forever discharged and, by these presents, does himself and herself ... remise, release and forever discharge the other of and from all cause or causes of action, claims, rights or demands whatsoever in law or in equity, which

either party hereto ever had or now has against the other, except any and all cause or causes of action for dissolution of marriage or rights arising from this agreement or subsequent court order.

7. The trial court also made findings that Defendant had threatened to give the pension to charity if Plaintiff attempted to obtain an interest in it, and it found "from the evidence adduced that Defendant believed he had bluffed Mrs. West into not proceeding against his military pension." There is no evidence, however, that Plaintiff withheld inquiry or action because of anything Defendant did or said.  In our opinion, that portion of the finding quoted above would not provide a basis for finding that Defendant's conduct led to Plaintiff's mistake of law.