CITY OF ST. LOUIS, Plaintiff, v. J. F. MILLER ET AL., Defendants, MISSOURI STATE LIFE INSURANCE COMPANY, a Corporation, Respondent, ANNE M. EVANS, Appellant.—82 S. W. (2d) 579.

Division Two, May 7, 1935.*

*NOTE: Opinion filed at September Term, 1934, March 30, 1935; motion for rehearing filed; motion overruled at May Term, May 7, 1935.

*Anne M. Evans* for appellant; *Henry Elias Haas* of counsel.

*James P. Aylward, Warren Rogers* and *Williams, Nelson & English* for R. Emmet O'Malley, Superintendent of Insurance.

TIPTON, P. J.—This is an appeal from an order of the Circuit Court of the City of St. Louis, setting aside the sheriff's sale of two parcels of real estate sold under special executions.

On March 7, 1928, a final judgment was entered in a condemnation proceeding for the widening of Easton Avenue, a public highway of that city. The judgment recited as to each of the two lots in question that the city recover fifty dollars ($50), and that sum constitutes a first and special lien upon the property described therein against Matthew A. Carroll, or the owner or owners thereof. It was ordered and adjudged that the several judgments for benefits be declared specific and prior liens against the lots respectively for ten years; and that a special execution in favor of the city of St. Louis be issued on the request of the comptroller of that city.

On August 30, 1922, prior to the rendition of the judgment, Matthew A. Carroll died and by his will left this property to his wife.

By mesne conveyances from his wife, this property was acquired by Ray Berger, who on June 24, 1926, executed his deed of trust to John A. Love, as trustee, securing a note in the sum of thirty-six thousand ($36,000) dollars, which note was subsequently acquired by the respondent, Missouri State Life Insurance Company. On October 11, 1932, this was foreclosed and the trustee's deed was executed to the respondent.

On June 14, 1932, the appellant purchased at an execution sale all right, title and interest of Eugene D. Dean and Belle D. Dean in real estate. At that time, this property stood in the name of John McHale Dean, but appellant claimed that he was a fraudulent grantee of Eugene D. Dean and Belle D. Dean.

On July 5, 1932, a motion for execution on the condemnation judgment was filed and on July 20, 1932, the clerk of that court issued two executions which were returnable to the September Term of that court, beginning September 12, 1932.

These executions were returned into court on October 31, 1932, at the September Term of that court, showing that the sheriff had seized all right, title, claim, interest, estate and property of the defendant, Matthew A. Carroll and that the appellant purchased these lots for the sum of two hundred and sixty-five dollars ($265).

At the same term of the court and on November 5, 1932, the respondent, the Missouri State Life Insurance Company, filed a motion to set aside the execution sale, alleging that it was the practice and custom of the city of St. Louis not to issue execution on judgment in condemnation cases against property until it had notified all parties interested and that the respondent relied upon such practice and was misled thereby and that it knew nothing about the sale of this property under the executions until several weeks after it had taken place. The motion, also, stated that the respondent had bought the property at this sale at a price that was so far out of proportion to its real value as to amount to a confiscation thereof and that it constitutes a fraud upon the rights of the respondent.

At the hearing on the motion on November 19, 1932, still at the return term of the execution, the court set aside the sale, and directed the respondent to deposit in court the amount of appellant's bid, with interest and costs. The testimony as to the value of the property was that it was worth at that time from twenty-one thousand dollars ($21,000) to twenty-four thousand five hundred dollars ($24,500). There was testimony to support the allegation of the motion that it was the practice and custom to notify all interested parties that the property would be sold to satisfy the judgment in condemnation proceedings and that respondent relied on such custom.

Other pertinent facts will be stated in the course of this opinion.

I. Appellant contends that the circuit court does not have power to set aside the execution sale at the return term, if the sheriff's deed has been executed and recorded, prior to the time the motion was filed to set aside the sale.

"Appellant does not contend that the circuit court may not set aside an execution sale at the return term if filed in time, by proper parties, for cause." But she does contend that the respondent is not a proper party to file such motion, and if the respondent has any right to attack the sheriff's sale it is by a bill in equity.

There are some jurisdictions that would uphold the appellant's contention, that "after a sheriff's deed to land has been executed and delivered and a return has been made, the sale can be impeached, if at all, only in a court of equity. . . ." [23 C. J., sec. 676, p. 684; but this is not the rule in this State.]

The case of State ex rel. Marrs v. Wessell, 237 Mo. 593, 141 S. W. 883, was a suit for taxes. The execution was issued by the clerk October 31, 1905; the sale was made during the same term on December 18, 1905, and the deed was executed and acknowledged during the same term and on December 21, 1905. On January 5, 1906, the purchaser at that sale conveyed the land to the appellant. The execution was returnable at the April Term, 1906, and was returned at that term with a report of sale. At the same term (the April Term), and on June 4, 1906, the motion to set aside the sale was filed by the defendant. We held that the court had jurisdiction of the motion to set aside the sale.

In that case we said:

"It is a doctrine that has constantly received the sanction of this court that 'during the whole of the term in which any judicial act is done, the proceedings are considered to continue *in fieri*, and even after a judgment has been rendered the record remains in the breast of the judges of the court and is therefore subject to amendment or alteration as they may direct.' [Crawford v. Railroad, 171 Mo. l. c. 74, and cases cited.] . . . Accordingly the Legislature has enacted that every execution issued from any court of record shall be made returnable in term time, and this court has universally held that so long as this term lasts it is in the power of the court to take such steps with reference to the execution of the process as under the circumstances it may think just and prudent, upon the motion of any party to the proceeding claiming its protection. . . .

"Every one taking title under the process of a court must be understood as taking subject to the approval of the proceedings had' under it, and no haste on the part of a stranger to intervene can take away the jurisdiction to approve or disapprove (Ray v. Stobbs, supra). For these reasons the title of the appellant, so far as it de-

pends upon, or is acquired through or under, the sheriff's sale to Ruark, must stand upon the final action of the court upon that sale. With reference to such action he is a purchaser *pendente lite.*''

The case of Ray v. Stobbs, 28 Mo. 35, was a case to set aside the sheriff's sale under an execution, and we held that the trial court could set aside the sale on motion although the sheriff executed the deed to the purchaser before the return of the execution.

In the case at bar the execution was issued during the June Term, 1932; the property was sold on September 8, 1932, during that term. The execution was returnable at the September Term, 1932. The sheriff's deed was acknowledged September 16, 1932, and the execution was returned into court on October 31, 1932. The motion to set aside was filed on November 5, 1932, and sustained on November 19, 1932, still during the return term. It is to be noted that the deed was executed before the execution was returned into court.

We adhere to our rulings that the trial court had jurisdiction to set aside the sheriff's sale under an execution during the *whole of the return term.* [City of Aurora ex rel. v. Lindsay, 146 Mo. 509, 48 S. W. 642; Norman v. Eastburn, 230 Mo. 168, 130 S. W. 276; State ex rel. v. Hogan, 324 Mo. 1130, 27 S. W. (2d) 21.] This is so, even though the sheriff's deed had been executed prior to the date of the return of the execution. [State ex rel. Marrs v. Wessell, supra; Ray v. Stobbs, supra.]

It is true the respondent is not a party named in the condemnation suit. At the time of the filing of the petition in this case the title to the land in question stood in the name of Matthew A. Carroll. A subsequent grantee of Carroll executed a deed of trust in 1926, securing a note for thirty-six thousand dollars ($36,000), and the respondent was the holder thereof at the time of the sheriff's sale. The respondent had an interest in the land that it had a right to protect. ''All persons who have an interest in the sale or who will be prejudiced by setting it aside should be made defendants to the motion.'' [23 C. J., p. 684, sec. 677.] At the time respondent filed the motion in this case it had purchased this property at the foreclosure sale under a deed of trust.

We hold that the respondent was a proper party to file the motion to set aside the sheriff's sale, as it was a subsequent grantee of the named party defendant, Matthew A. Carroll, and had acquired all his interest in this property and that the circuit court had jurisdiction to pass on the motion.

II. At a hearing on the motion the evidence showed that the property was worth from twenty-one thousand dollars ($21,000) to twenty-four thousand five hundred dollars ($24,500), and was purchased for two hundred sixty-five dollars ($265).

An attorney representing the city of St. Louis stated at the hearing that the city had "no objections to the court setting this sale aside."

There was also testimony to the effect that it was customary for the city to notify all parties interested in the property when an execution was issued and that the respondent had knowledge of such custom and relied upon it.

In this case there was no objection on the part of the judgment creditor that the sheriff's sale be set aside. The respondent stood to lose over twenty thousand dollars ($20,000) by the sale. "As for the purchaser, his (her) bid entitled him (her) to no protection except such as was consistent with the protection of the parties against unnecessary loss. If the court was without power to perform so simple an act of justice, its control of the execution of its own process would be a mockery." [Hoevel v. Hoevel, 199 S. W. 402.] The court had control of its own process during the return term. "The only question to be asked and answered in such a case seems to be, should the action complained of be permitted in justice and good conscience, to stand?" [State ex rel. v. Wessell, supra.]

Certainly in the interest of justice, it cannot be said that the trial court abused its discretion in not permitting this sale to stand, when it brought slightly more than one cent on the dollar. The purchaser will be refunded the money she was out with interest; the respondent will not suffer a great loss, and the city's judgment will be paid. We think the action of the trial court should be sustained.

The order of the circuit court setting aside the sheriff's sale is affirmed. All concur.