McBride, judge,
delivered the opinion of the court.
John C. Scott filed bis bill in the circuit court of Jefferson county, against John Hammond and Robert D. Hicks, in which he alleges that on the 15th. November, 1838, the county of Washington recovered a judgment against him as principal, and John Perry and Joseph M. Stevenson as his securities, for the sum of $318 07 for debt ar.d damages and the costs of suit, upon which judgment an execution issued on the 3lst October, 1839, directed to the sheriff of Jefferson county, which came to the hands of the defendant, Hammond, then acting sheriff of Jefferson county, who levied the same upon the complainant’s interest in the E 1-2 of S W 1-4 of S 4, T 38, R 5, containing 80 acres, and on the fractional S W 1-4 of S 4, T 38, R 5, containing 124, 71 acres ; both of said tracts being valuable in consequence of their having mineral on them, and for farming purposes. That said Hammond advertised the same to be sold on the 10th December, 1839, between the hours of *10 nine and ten o’clock of the forenoon of said day, an hour much earlier than was usual for making such sales, and offered the same for sale, there beipgbut few persons present, when the land was sold to Robert D. Hicks, for the sum of five dollars: botji tracts having heen offered and sold at the same time. That his interest in said land was an undivided equal half, and was reasonably worth two or three hundred dollars. That he was a non-resident of the county, ap.d had no knowledge whatever that the land had been levied upon and was to be sold.
The bill further charges that Perry, one of the defendants in the execution, had an ágent authorized to attend the sale, and make the land sell for its value; but in consequence of the sale having taken place at so early an hour, and both tracts having been sold at the same time, the agent did not reach the place of sale until after the land was struck down; that immediately thereafter the agent offered Hicks, the purchaser $20 for his bargain, which he refused to take, and demanded $50 ; bqt the agent not being authorized tq pay so great a sum, declined the proposition. The bill further charges the defendants with a fraudulent combination to injure and oppress the complainant; and alleges that the defendant has no other estate out of which to pay the judgment at law, and unless the sale of the land be set aside and the same be again sold, that his securities will be compelled to. pay the said judgment.-
The defendants filed their separate answers to the bill, in which they deny all fraud and combination, and aver that the sale was a fair and an open one, conducted according to law. That the reason why the interest of the complainant was sold in both tracts at the same time, was/ that it was uncertain and unknown what was the extent of that interest, and it was in consequence thereof that. his. interest sold for. so small a sum, &c.
Replicatiqns were filed tq the answers.
Hicks, one of the defendants, died, and the suit was revived against his heirs.
To. sustain the charges in the bill, the complainant introduced one Clement B. Fletcher, as a witness, who testified that on the evening before the sale, Perry, one of the defendants, called at his house*, where Hicks was, and when they were together, Perry requested him to attend the sale and bidin the land or run it up to the amount of the execution. Hicks proposed to attend to it for Perry ; but Perry declined his services, stating that witness would do it for him. Perry sat down and gave witness written instructions on the subject. Early next morning Perry left for St. Louis, and shortly thereafter witness, went to the court house *11 to attend the sale; but when he reached there the land had been sold. The sale was made between nine and ten o’clock, and whilst the court was in session—there were but few persons in town. Witness told Hicks that he would give him $20 for Perry, if he would give up the land ; he replied that he would give Perry his bargain for $50, but not less, which witness declined.
The land lies some where near Wille’s Mines.
The defendants gave in evidence the record of the judgment and the proceedings therein, referred to in the bill j also the sheriff’s deed for the land in controversy to Iiicks.
The court decreed in favor of the complainant j the defendants moved for a new trial, which was overruled, when they excepted and appealed to this court.
The charge made in the bill against the defendants of combining and confederating for the purpose of defrauding and oppressing the complainant, being denied in the answer, and not supported by the evidence in the cause, the only grounds remaining for relief, are : first, that the sheriff sold the complainant’s interest in two parcels of land at the same time; and second, the inadequacy of price at which that interest was sold.
From the numbers given of the land in the bill, as also in the deed oj the sheriff’ to Hicks,it is apparent that the too pieces of land are adjoining, and constituting as they do, only about two hundred acres, unimproved ; and the defendant’s interest therein being undivided and unknown, we do not regard the sale as an abuse of that discretion which the sheriff in the discharge of his duty is called upon to exercise. It is not like the sale of detached pieces of land, where the one is not necessary to-give value to the enjoyment of the other, and where, if one piece should bring a sum near its current value, would discharge the execution ; in such case the sale might be regarded as an undue exercise of discretion, and be set aside, on motion, by the circuit court.
We do not subscribe to the principle contended for by the complainant’s counsel, that inadequacy of price alone is sufficient ground for setting aside a sheriff’s sale. On the contrary, where the sale has been an open, fair and public one, where there has been no act done or super-induced by the sheriff or purchaser to prevent the property from selling for a higher price, public policy would indicate that such sales, although attended with great pecuniary loss, ought to be upheld and sustained. If the principle was recogn-'zed, its application would be entirely arbi *12 trary, as no rule could be established to govern the innumerable cases that arise.
Some stress is laid upon the feet that the sheriff' sold at an earlier hour in the morning than is usual for making such sales. It was, however, within the hours prescribed by law, and we can readily conceive of a Statp of circumstances which would make it necessary for the officer to commence his sales at as early an ho.ur, without subjecting him to just imputation.
We are therefore of opinion that the circuit court erred in its decree and that the same ought to be reversed : and the other judges concurring hereip the same is reversed, and the bill is dismissed.