The State ex rel. Bertha E. Ford, Randolph Laughlin, Laurence D. Honig and H. H. Laumeier v. Granville Hogan, Judge of Division 15 of Circuit Court of City of St. Louis.— 27 S. W. (2d) 21.

Division Two, April 7, 1930.

1132

*Randolph Laughlin* for relators.

1134

*Earl M. Pirkey* for respondent.

DAVIS, C.—This is an original proceeding in prohibition to prohibit the respondent, Judge of the Circuit Court of the City of St. Louis, assigned at that time to Division 15, from entertaining, hearing and deciding a motion, filed by Louis E. Ford, to set aside an execution sale as to certain shares of stock, owned by said Ford, in certain corporations. To respondent's return filed, relators filed a reply.

The following facts appear from the pleadings. Respondent was then presiding judge of Division 15 of the Circuit Court of the City of St. Louis. On January 5, 1926, Bertha E. Ford, relator, filed in the Circuit Court of the City of St. Louis her petition for divorce against Louis E. Ford, who entered his appearance. The cause was assigned to Division 15 of said circuit court, then presided over by Honorable Moses Hartmann, Judge. On January 21, 1926, the said court granted Bertha E. Ford a divorce, and awarded her alimony of $225 a month. No appeal was taken. On January 3, 1929, Louis E. Ford filed a motion to modify the decree as to alimony, stating that the alimony was burdensome and beyond his ability to pay, due

to financial reverses and a diminished income, and that $175 a month was sufficient to provide for and maintain plaintiff. On a hearing, respondent, as judge of said court, sustained the motion to modify the decree and decreased the monthly award of alimony to $175. On her motion for a new trial being overruled, Bertha E. Ford appealed to the St. Louis Court of Appeals.

It seems that Louis E. Ford, against the protest of Bertha E. Ford, of his own accord and without a modification of the decree, in 1927 and 1928 withheld from payments to her the sum of $50 a month, so that to December 12, 1928, the alimony arrearages aggregated $600. On said day Bertha filed her affidavit for execution. The Sheriff of the City of St. Louis, in obedience to the commands of the execution, levied upon, as the property of Louis E. Ford, all the shares of capital stock owned by him in the Metropolitan Securities Corporation and the St. Louis Used Car Exchange, and, upon notice given, alleged to be adequate, the sheriff sold, on March 14, 1929, said shares of stock for $600 and $25, respectively, and credited it and applied it to costs. Thereupon the sheriff made his return of said execution to the court. On February 23, 1929, prior to the sale, the sheriff notified Louis E. Ford that he had levied on said stock. Bertha E. Ford, and Randolph Laughlin and Laurence D. Honig, her attorneys, purchased all of said stock sold by the sheriff under execution. Laughlin, later for value received, sold fifty shares of the St. Louis Car Exchange stock to H. H. Laumeier. The name of said corporation was changed to the Banner Loan Company. On April 15, 1929, Louis E. Ford paid into court as a tender the sum of $654.35, and requested the surrender of the stock sold. On April 16th said Ford filed a motion to set aside the execution sale, which was not verified, and on May 25th a verified motion was filed by said Ford. On the same day, to-wit, May 25, 1929, relator Laurence D. Honig filed a verified application for a change of venue, averring the bias and prejudice of respondent discovered only that morning, which respondent has not ruled upon, but it is alleged that he has indicated he would overrule it.

The motion to set aside the execution sale avers, first, that the sums for which the shares of stock sold were grossly and fraudulently inadequate and that said sale is a fraud on defendant; second, that Louis E. Ford and Bertha E. Ford were negotiating for settlement and compromise of defendant's liability to plaintiff, and that by the actions of plaintiff's counsel in refusing to accept or reject proposals defendant was lulled into a sense of security and imposed on relative to a sale, and that defendant was unaware of the contemplated sale, excepting as notice might be imputed to him by the posting of notices of sale, which notices were vague, indefinite and defective in that they did not comply with the law in certain re-

spects, unnecessary to detail herein. That defendant tendered to plaintiff's attorney for her the sum of $701.20 in payment of the execution and judgment, which was refused, and that he then tendered and paid same to the sheriff, and later to the clerk.

Other facts submitted by the pleadings will be adverted to in our discussion of the points considered.

I. We take judicial notice of our statutes. Therefore we take judicial notice that the Eighth Judicial Circuit consists of the city of St. Louis (Sec. 2468, R. S. 1919). Also that the terms of said circuit court annually are five and commence on the first Monday of each of the months of February, April, June, October and December. [Sec. 2617, R. S. 1919.] Relators' petition for prohibition states that the affidavit for execution was filed on December 12, 1928, and that it was returnable on the first Monday of April next, which was the first day of the April term, 1929. The execution was returnable at the second term after its issuance, and it may be inferred that it was at plaintiff's instance. The postponement of the return of the execution until the second term after its issuance was authorized. [Sec. 1606, R. S. 1919.] The April term, 1929, is thus designated the return term of the execution. The record shows that Division 15 of the Circuit Court of the City of St. Louis was in session on May 25, 1929, which was evidently a day of the April term, 1929. Consequently, the filing of the motions to set aside the execution sale, filed on April 16 and April 25, 1929, respectively, were filed during the April term, 1929, and thus at the return term of the execution.

II. A motion to set aside an execution sale, filed in the court and in the proceedings from which the execution emanated, is a proper and plenary proceeding to that end; for, as is said in City of Aurora ex rel. v. Lindsay, 146 Mo. 509, 1. c. 516, 48 S. W. 642, "that court alone had jurisdiction over its processes and was charged with the duty to see that no injustice was done under color of its writs." However, it is said that, as the sale occurred during the February term of said court, and as the motion to set aside the execution sale was not filed until the April term of said court, the court's jurisdiction over the matters complained of in said motion lapsed with the lapse of the February term of court. We have held that a motion to set aside an execution sale, filed at the return term, was filed at the proper term, and that the court had jurisdiction to entertain a motion filed during the term to which the return was returnable. [Norman v. Eastburn, 230 Mo. 168, 1. c. 188, 130 S. W. 276; State

ex rel. v. Wessell, 237 Mo. 593, 1. c. 602, 141 S. W. 883.] We adhere to our rulings in those regards.

III.   Relators complain that the return of respondent to his petition for prohibition is not verified by respondent, but only by the attorney upon his belief, and, consequently, the verified averments of the petition should be taken as true. Our statute (Sec. 2061) does not require the return to be verified.   Moreover, it was verified by respondent's attorney, and if relators desired to take advantage of it as an insufficient verification, they should have directly attacked it by a motion to strike it from the files or by other appropriate action.   The non-action of relators renders it subject to our consideration.

IV.   Louis E. Ford filed, on January 3, 1929, a motion to modify the decree as to alimony.   A hearing was had on the motion and respondent (the court) modified the decree and reduced the alimony from $225 to $175 a month.   A motion for a new trial was filed by Bertha E. Ford, and overruled by the court at the February term, 1929.   On February 25, 1929, at the February term of said court, Bertha E. Ford appealed from the order reducing the alimony.   Relators contend that said appeal ousted respondent's court of all further jurisdiction.   They cite State ex rel. v. Hall, 12 S. W. (2d) 91, to support their position.   But, as the execution sale and the execution return both occurred subsequent to the taking of the appeal, it is evident that the appeal did not and could not affect the matters involved in the execution sale.   If the appeal ousted the court of jurisdiction to hear the motion to set aside the execution, then certainly it ousted the court of jurisdiction over the execution and sale.   But neither conclusion follows.   It would result in a denial of justice to say that, subsequent to an appeal, a judgment creditor could execute and sell, but that the judgment debtor could not contest the regularity and validity of the execution sale.   To deny a court jurisdiction over its processes would result in a denial to a litigant the right to be heard.   Moreover, we have held that executions on judgments, except those stated in Sections 1473 to 1476, inclusive, are not within the rule that an appeal transfers the jurisdiction of the case from the circuit to the appellate court.   [State ex rel. v. Gates, 143 Mo. 63, 44 S. W. 739.]   This contention is disallowed.

V.   Relators next aver that the filing of an affidavit for a change of venue ousted respondent's court of jurisdiction to hear and determine the motion to set aside the execution sale.   The filing of an application for a change of venue does not oust the court of jurisdiction.   Consequently prohibi-

tion is not the proper procedure to determine the propriety of the action of the court in denying application for change of venue. The granting or refusal of the application is addressed to the discretion of the court, and it has the power and jurisdiction to determine the matter whether its conclusion be right or wrong. The refusal to grant the application is a matter of error and exception, and, if the trial court errs, the error is correctible on appeal. We have so held. [State ex rel. v. Evans, 184 Mo. 632, 83 S. W. 447.]

VI.   Relators contend that the jurisdiction of Division 15, presided over by Judge Hogan, to hear and determine the motion to set aside the execution sale, failed for want of necessary parties. The pleadings show that Bertha E. Ford and Laughlin were joint purchasers at the execution sale of all the shares of stock in the two corporations.  Later the shares were apportioned to Bertha E. Ford, Laughlin and Honig. Of the Banner Loan Company stock, Laughlin was apportioned ninety-nine shares. It is averred that, for value, he transferred fifty shares to Laumeier. Notice of the filing of the motion was not served on either Bertha E. Ford, Laughlin, Honig or Laumeier.

Everyone taking title under the process of the court must be understood as taking subject to the power of the court to set aside the proceeding for cause shown (Ray v. Stobbs, 28 Mo. 35). But it is generally held that, on motion to set aside an execution sale, notice must be given to all the parties interested, those who have an interest in the sale and those who will be prejudiced by setting it aside. Therefore relators were entitled to notice. However, notice may be waived by appearance or by failure to object at the proper time. Where a party appears and opposes the motion, he cannot complain that notice was not given to other parties.   [23 C. J. p. 684, pars. 677, 678.]   Laughlin appeared as *amicus curiae* to the motion and resisted it, and, in addition, Honig, her attorney, appeared for Bertha E. Ford, and as to said motion and proceeding, filed an affidavit for a change of venue.   Therefore Bertha E. Ford, Laughlin and Honig will be held to have waived notice, for they appeared and resisted said motion, which is held tantamount to a notice served on each of them individually.

In the absence of notice to or knowledge on the part of Louis E. Ford that Laughlin transferred fifty shares of stock to Laumeier, Laumeier was not entitled to notice of the filing of the motion to set aside the execution sale.  Louis E. Ford, so far as the petition avers and the pleadings show, was not notified that the shares of stock had been transferred or assigned to Laumeier, nor did he have any knowledge thereof.  If such notice had been given him, it is evident that relators would have averred it.   Relators fail to allege that

the corporation books showed a transfer of the stock to Launcier, and that said books were accessible to Louis E. Ford. Unless he was notified, how could he know of the transfer of the stock, or the name of the person to whom it was transferred? It would subvert justice to hold, under the facts herein, that an unknown transferee or assignee of corporate stock was entitled to notice that a motion to set aside an execution sale, filed at the return term of court, was so filed. We think that Hays v. Cassell, 70 Ill. 669, supports our ruling.

VII. On April 16, 1929, Louis E. Ford filed the motion to set aside the execution sale. This motion was not verified. The petition for prohibition avers that respondent gave Laughlin *carte blanche* to institute in other courts whatever proceedings he desired to protect the rights of himself and his associates, and that on May 17, 1929, pursuant to the leave thus granted, another proceeding was instituted in another division of said circuit court involving the same claims of right to the disputed stock as are presented by the motion to set aside the execution sale. The contention of relators is that, as jurisdiction attached by consent of respondent, such jurisdiction has priority, especially as Louis E. Ford did not file a verified motion to set aside the execution sale until May 25, 1929. Respondent denied that he gave Laughlin *carte blanche* to institute any action he desired.

Whether respondent gave Laughlin and relators consent to institute another proceeding relating to the matter comprised in the motion to set aside the execution sale is of no importance, for respondent, without the consent of Louis E. Ford, could not bind said Ford. That issue was not involved in the motion. The court, on the issues before it, could not speak for Ford, so as to give to relators its consent to institute another proceeding.

Moreover, we are unable to find a statutory requirement that the motion to set aside an execution sale must be verified. It is true that Section 1675, Revised Statutes 1919, provides for the verification of a petition to stay, set aside or quash an execution or order of sale, but said section has reference only to the setting aside of an execution or order of sale prior to the sale. It has no reference to a motion to set aside an execution sale. We do not think that the verification of a motion to set aside an execution sale is required. Consequently respondent's court retained jurisdiction.

The provisional rule is discharged. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.