Clark J. HUFF, Appellant,

v.

Margaret V. HUFF et al., Respondents.

No. 43458.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1981.

Jack L. Duncan, Flat River, for appellant.

Robert J. Blackwell, Flat River, Thomas L. Ray, Farmington, for respondents.

REINHARD, Judge.

Plaintiff appeals from an order of the court sustaining defendant's motion to dismiss plaintiff's petition.

Plaintiff's petition alleged the following: Defendant had obtained a judgment against plaintiff in the amount of $2,035, plus attorney's fees and costs, but the plaintiff did not pay any part of the judgment. A general execution for the amount of the judgment was issued by the court on March 14, 1979. The execution had a return date of May 15, 1979. Subsequently, a Notice of Execution Sale on Real Estate, a Notice of Levy on Real Estate, and a Notice of Sheriff's Sale were served upon plaintiff and informed him that his real estate was under execution and would be sold at·a sheriff's sale on April 23, 1979. Plaintiff mistook the date of return of the execution for the date of the sheriff's sale. At the sale, the sheriff sold the real estate to defendant for $500. The sheriff then filed with the court a report of sale and the court made an Order Confirming Report of Sheriff in Execution and Sale. Thereafter, the property was conveyed by sheriff's deed to defendant.

Plaintiff's petition then alleged "[t]hat the value of the ... [property] is in excess of Twenty-five Thousand Dollars ($25,-000.00), a value which is more than FIFTY TIMES the purchase price, and therefore such purchase price was so grossly inadequate as consideration ... as to shock the conscience of ordinary men, and was so grossly inadequate as to constitute fraud."

Plaintiff's petition prayed that the sheriff's deed "be cancelled and the Plaintiff be allowed to pay the entirety of the judgment ..."

The petition was filed on June 15, 1979. Defendant filed a motion to dismiss which alleged, among other grounds, that the petition failed to state a cause of action upon which relief could be granted. The court sustained defendant's motion. On appeal, plaintiff contends that the court erred in sustaining the motion to dismiss.

"Our review of the dismissal of the petition allows the pleading its broadest intendment, we treat all facts alleged as true, construe the allegations favorably to the plaintiff and determine whether the averments invoke principles of substantive law." *Shapiro v. Columbia Un. Nat. Bk. & Tr. Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978) (citation omitted).

■ Plaintiff's cause of action finds support in the case of *Wieser v. Linhardt*, 257 S.W.2d 689 (Mo.1953). There, the plaintiffs sued in equity to set aside a sheriff's deed, made pursuant to the sale of real estate under execution. The court set aside the sale, stating as one of its grounds that defendant's bid was so grossly inadequate as to amount to fraud. The Supreme Court, in affirming the trial court, recognized the general rule that a sale of real estate under execution would not be set aside because of the mere inadequacy of consideration. However, the court found the sale to be within a recognized exception to this rule that if the inadequacy of consideration is so gross that it amounts to "conclusive and decisive" evidence of fraud, then it is a ground for cancelling the transaction. *Id.*, at 690. Clearly, plaintiff here has pleaded sufficient facts to bring his case within the exception.

Defendant contends that plaintiff is prohibited from bringing this independent suit in equity because his remedy is limited to the filing of a motion to set aside the sale in the original proceeding.

It has been held that a court in which a judgment was rendered and to which an execution is returnable has exclusive control over its own process to determine the validity of an execution sale, *State ex rel. Banner Loan Co. v. Landwehr*, 324 Mo. 1142, 27 S.W.2d 25, 27 (Mo.1930); and that the court retains jurisdiction of any motion

to set aside the execution sale, which is filed before the end of the term in which the execution is returnable, *State ex rel. Ford v. Hogan*, 324 Mo. 1130, 27 S.W.2d 21, 24 (Mo.1930).[1]

However, there are numerous cases where an execution sale has been set aside by an independent suit in equity. *See Workman v. Anderson*, 297 S.W.2d 519, 523 (Mo.1957).

At the time of the sheriff's sale here, executions were governed by Rule 76.-04 (1980) which provided: "Every execution issued from any court of record shall be made returnable in not less than 30 days, nor more than 90 days, at the option of the judgment creditor, from the date of issuance." Therefore, the court which issued the execution in the case before us retained jurisdiction until May 15, 1979, the date of return of execution selected by the judgment creditor. Since this suit in equity was brought on June 15, 1979, the trial court had subject matter jurisdiction over plaintiff's cause of action and defendant's contention is without merit.

Having concluded that the court erroneously dismissed plaintiff's petition, we reverse the cause and remand it for further proceedings.

CRIST, P. J., and SNYDER, J., concur.

---

1. Section 1155, RSMo 1929 provided: "Every execution issued from any court of record shall be made returnable at the next succeeding term, unless the plaintiff, or a person to whose use the suit was brought, shall otherwise direct; then it shall be the duty of the clerk issuing the same to make it returnable to the second succeeding term."