**ROBERT R. WISDOM OIL COMPANY, INC., Plaintiff-Appellant,**

v.

**William GATEWOOD, et al., Defendants-Respondents.**

**No. 13732.**

Missouri Court of Appeals, Southern District, Division Three.

Dec. 17,. 1984.

G.H. Terando, Little, Million, Terando, Schellhammer & Associates, Poplar Bluff, for plaintiff-appellant.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for defendant-respondent Earl Lynxwiler.

MAUS, Judge.

This action had its origin in the appellant-mortgagee's petition for judicial foreclosure of a deed of trust. At the sheriff's sale at public vendue, the real property was sold to a third party, the respondent. See *Koester v. Koester,* 543 S.W.2d 51 (Mo.App. 1976). The appellant filed a motion to set aside that sale. § 443.270. See *Carr v. Carr,* 253 S.W.2d 191 (Mo.1952); *Huff v. Huff,* 622 S.W.2d 731 (Mo.App.1981). The trial court denied that motion. The appellant presents two points.

A very brief recitation of the facts will suffice to treat these two points. The appellant instituted this action for judicial foreclosure of a deed of trust securing a promissory note in the amount of $26,-669.89. The same day Smith Lumber Company filed its petition to enforce a mechanic's lien upon one of the three tracts described in the deed of trust. The mechanic's lien was in the amount of $2,276. The actions were consolidated. Thereafter, a judgment by stipulation and default was entered. That judgment provided that the one tract be sold, with the proceeds to be applied to court costs and expenses, then

$1,850 to Smith Lumber Company, and the remaining balance to appellant.

After due publication, the sale was held January 16, 1984 at 1:00 p.m. at the front door of the Ripley County Courthouse. The high bid of $2,300 was made by Earl Lynxwiler, the respondent. No one appeared at the sale on behalf of the appellant-mortgagee.

The appellant's motion to set aside was filed four days later. A hearing on the motion was held on March 19, 1984. The property was a lot 100 feet by 220 feet on Highway 160 a short distance from Doniphan. It was lower than the grade of the highway. It was improved by a building 44 feet by 60 feet. The building was constructed of rough sawed pine lumber with a concrete floor. It was partially wired, but had no water or plumbing. Two witnesses said it was in an extremely poor location for business purposes. The respondent owned adjoining land. He plans to use the building for a hay barn.

The appellant presented the testimony of its employee Herman Wisdom. It was his opinion the reasonable market value of the property was approximately $25,000. The respondent presented the testimony of three witnesses concerning the value of the property. The respondent testified the value was $3,500 to $4,000. A real estate salesman of 25 years experience testified that the value of the building and lot was approximately $4,500. The third witness, a real estate broker of 32 years experience, valued the property at $4,750.

Herman Wisdom testified he was supposed to attend the sale, but had to go out of town and didn't get back. Another employee of Wisdom Oil Company in Doniphan testified she received a call at about 1:00 p.m. She was told to go to the courthouse and bid $25,000 or more if needed. The employee arrived a little after 1:00 p.m. and was told by the sheriff that the sale had already taken place. The employee had not taken any money with her. She had no cash in hand with which to pay if successful. There was no other explanation why there was no representative of appellant-mortgagee at the sale at 1:00 p.m.

Section 443.270 directs that the execution in this case be executed and returned as executions in ordinary civil suits. See *State ex rel. Hartley v. Innes,* 137 Mo.App. 420, 118 S.W. 1168 (1909). Generally, to set aside an execution sale, the party challenging the sale must prove a recognized basis and that he was prejudiced by the sale. Henning, Missouri Executions on Money Judgments, § 3–31 (1984). It has been repeatedly held, "A motion to set aside a judicial sale is addressed to the sound discretion of the trial court." *Dougherty v. McKeever,* 502 S.W.2d 430, 431 (Mo.App.1973). Also see *Boxwell v. Boxwell,* 444 S.W.2d 510 (Mo. App.1969); *City of St. Louis v. Peck,* 319 S.W.2d 678 (Mo.App.1959). A sound exercise of that discretion must be based upon a consideration of the relevant factors.

The appellant's first point is that the trial court erred because the purchase price is such grossly inadequate consideration as to shock the conscience. Early cases held, "It is equally well settled that inadequacy of price alone will not justify the setting aside of a judicial sale, and the court so declared; ...." *Rogers & Baldwin Hardware Co. v. Cleveland Bld'g Co.,* 132 Mo. 442, 34 S.W. 57, 60 (banc 1896). However, later cases recognize an exception to that rule. "It has always been held by this court that inadequacy of price alone will not justify the setting aside of a sheriff's sale of real estate under execution, unless the price is so inadequate as to shock the moral sense and outrage the conscience." *Mangold v. Bacon,* 237 Mo. 496, 141 S.W. 650, 657 (banc 1911). "This rule has since been modified when the consideration was so shockingly inadequate as to constitute fraud." *Ragan v. Looney,* 377 S.W.2d 273, 280 (Mo.1964). Also see *Wieser v. Linhardt,* 257 S.W.2d 689 (Mo.1953); *Hart v. Parrish,* 244 S.W.2d 105 (Mo.1951); *Ellis v. Powell,* 117 S.W.2d 225 (Mo.1938).

In a related field, a recent case held that inadequacy of consideration is not a basis for setting aside a tax sale under the Jones-Munger law. *Powell v. County of St. Louis,* 559 S.W.2d 189 (Mo. banc 1977). However, the considerations that form the

basis for that decision are not applicable to judicial sales. The doctrine expressed in *Ragan v. Looney,* supra, and similar cases has not been overruled. It has been recently recognized. *Huff v. Huff,* supra.

■ However, the appellant's first point has no basis in fact. It is based upon Herman Wisdom's valuation of $25,000. That valuation was discredited. Other witnesses valued the property at $3,500 to $4,750. Its decision demonstrates the trial court accepted the latter valuation. *Mueller v. Simmons,* 634 S.W.2d 533 (Mo.App. 1982). When related to the purchase price of $2,300, the latter valuation does not establish the consideration was so grossly inadequate as to shock the conscience within the meaning of the cases cited above. *Adams v. Smith,* 360 Mo. 1082, 232 S.W.2d 482 (1950); *Harlin v. Nation,* 126 Mo. 97, 27 S.W. 330 (1894). For an exhaustive list see Dingus, Mortgages—Redemption After Foreclosure Sale In Missouri, 25 Mo.L.Rev. 261, 263 n. 4 (1960).

■ The appellant's second point is that it was prejudiced by being prevented from being present at the sale by misunderstanding, mistake or other fortuity. It cites *City of St. Louis v. Peck,* supra, in which it is declared:

Execution sales may be set aside upon motion of parties, not only in cases of fraud or where inadequacy in the sales price is so great as to shock the judicial conscience, but also in cases of irregularity in the conduct of the sale to the prejudice of any party having an interest in the action, or cases of accident or surprise where because of some misunderstanding, mistake, misapprehension or other fortuity, the parties are prevented from being present at the sale to protect their interests.

Id., at 682. Also see *Mangold v. Bacon,* supra. Or stated another way, mere inadequacy of consideration will not justify the setting aside of a judicial sale unless accompanied by some irregularity. *Mueller v. Simmons,* supra; *Dougherty v. McKeever,* supra. Irregularities that have been recognized to fall within this rule include, a mortgagor's mistake as to the date of the

sale, *Huff v. Huff,* supra; a misleading description of the property to be sold, *Rogers & Baldwin Hardware Co. v. Cleveland Bld'g Co.,* supra; the sale of an excessive portion of real property, *Griggs v. Miller,* 374 S.W.2d 119 (Mo.1963); a sale made after the sheriff announced sales were concluded, *West v. Axtell,* 322 Mo. 401, 17 S.W.2d 328 (1929); and a sale at an unusual hour, *Holdsworth v. Shannon,* 113 Mo. 508, 21 S.W. 85 (1893); *City of St. Louis v. Peck,* supra.

■ The fact that an interested party does not attend a judicial sale does not per se establish a basis for relief. That factor must be considered in relation to all of the circumstances. If the interested party, acting without fault, failed to attend because he was misled, *West v. Axtell,* supra, or because of unusual circumstances, *City of St. Louis v. Peck,* supra, his absence is entitled to great weight. His absence due to his own negligence does not present a compelling reason for setting aside a judicial sale. *Hammond v. Scott,* 12 Mo. 8 (1848). "This makes a stronger case than where a party, through mistake or inadvertence of himself or agent, has failed to attend a sale." *Holdsworth v. Shannon,* supra, 21 S.W. at 88. A decisive factor is the degree of prejudice to be suffered if the sale is not set aside. *Mangold v. Bacon,* supra. Always to be considered is the underlying need for judicial sales to be final. "A sale at some point must be final and should not easily be reopened for higher bid." *DiLeo v. Hunter,* 505 S.W.2d 112, 115 (Mo.App.1974).

■ As noted, the evidence in this case does not mandate a determination of substantial inadequacy of consideration or great prejudice to the appellant. The appellant was not represented at the sale because its employee who was supposed to attend was out of town and didn't get back. "The additional factors of one bidder and, at most a mere communication problem are not the type requiring the setting aside of the sale." *Dougherty v. McKeever,* supra, at 432. Considering all of the relevant

factors, the trial court did not err. Its judgment is affirmed.

CROW, P.J., and HOGAN and TITUS, JJ., concur.