**PLEASANT HOLLOW HOMEOWNERS ASSOCIATION, Plaintiff,**

v.

**Sun Ye WEBSTER, Defendant/Respondent,**

**S & P Properties, Inc., Intervenor/Appellant.**

No. ED 91822.

Missouri Court of Appeals, Eastern District, Division Four.

June 2, 2009.

Blake D. Hill, Jeffrey T. Weisman, Earth City, MO, for Appellant S & P Properties.

Stormy White, Robert Blackwell, St. Louis, MO, for Respondent Sun Ye Webster.

KENNETH M. ROMINES, Judge.

### Introduction

S & P Properties, Inc. (S & P), appeals the judgment of the Circuit Court of St. Louis County, the Honorable Mary Elizabeth Ott presiding, which set aside the sale and execution of a house formerly owned by Respondent Sun Ye Webster. Because we agree that the sale price[i] was grossly inadequate such as to render the judgment void, we affirm.

### Factual and Procedural Background

In 2006, Webster's homeowners' association, Pleasant Hollow, obtained a judgment against Webster for unpaid homeowners' dues in the amount of $1,613.98. The record reflects that Webster did not pay this judgment. Therefore, in December 2007, the St. Louis County Circuit Court issued a writ of execution on the judgment, with a return date of 12 March 2008. On 6 February 2008, the Sheriff levied and seized Webster's house, which had an assessed value of $110,500.00. On 15 April 2008, the Sheriff held an auction for the house and sold it to the highest bidder, S & P, for $10.00. On 23 April 2008, Webster moved the court to set aside the execution and sale and the court granted Webster's motion, finding that the sale price was grossly inequitable and shocked the conscience.

S & P raises three points on appeal: (1) that the trial court had no jurisdiction to set aside the sale; (2) alternatively, that the trial court erred in finding the price shocked the conscience; and (3) that S & P was a bona fide purchaser for value and thus the sale should not be disrupted.

### Standard of Review

We must affirm this court-tried case unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Bultemeier v. Ridgway*, 834 S.W.2d 896, 897 (Mo.App. W.D.1992) (applying standard to review of a quashed execution sale).

## Discussion

### Jurisdiction

■ S & P first argues that the trial court had no jurisdiction to quash the execution sale because jurisdiction lasts only until the return date on the writ of execution. They cite cases holding a court must quash a sale "before the end of the term in which the execution is returnable." *Huff v. Huff*, 622 S.W.2d 731, 733 (Mo.App. E.D.1981) (relying on *State ex rel. Ford v. Hogan*, 324 Mo. 1130, 27 S.W.2d 21, 23–24 (1930)). However, the precedent cited is all based on an outdated statute governing executions, which stated that they "shall be made returnable at the next succeeding term … [or, under certain conditions,] the second succeeding term." *Id.* Our circuit courts no longer operate within specified terms, and S & P was unable to explain how to interpret jurisdiction in light of this.

S & P has not shown us any restrictions on a court's jurisdiction in light of the change in terms of court. In this respect, their argument is undeveloped and gives us no basis to find in their favor. We can find no statutory restrictions and decline to follow precedent based on interpretations of statutes no longer in effect. Point denied.

### Sale Price

■ S & P argues that the trial court considered only the market value of the house, when there are in fact numerous other factors that must be taken into account in order to determine whether this was a "fair sheriff's sale." Other factors include the fact that the buyer is taking the property subject to any encumbrances, as-is structurally, and with the risk of legal processes needed to secure title. *See Yokley v. Wian*, 877 S.W.2d 179, 182–83 (Mo. App. W.D.1994). The court must also take into account that this is a forced sale. *Id.*

■ The court found that "by any standard a shock to the conscience, grossly inequitable, and severe enough to require [setting aside the sale]" (emphasis added). Furthermore, Webster cites cases which suggest that consideration consisting of less than ten percent of the value of the land is constructive fraud. *See Wieser v. Linhardt*, 257 S.W.2d 689, 691 (Mo.1953). These cases apply an "inadequate consideration rule" which states that real estate sales may not be set aside for inadequacy of consideration alone, unless the amount is grossly inadequate. Despite S & P's argument to the contrary, this rule has been applied in cases of execution sales and in recognition of its abrogation in tax sales. *See Robert R. Wisdom Oil Co., Inc. v. Gatewood*, 682 S.W.2d 882, 884–885 (Mo. App. S.D.1984). Therefore, it remains true that if a sale price is grossly inadequate, the sale can be set aside on those grounds alone.

S & P argues that there were encumbrances here that the court did not take into account, though lists only a Deed of Trust for $65,000. S & P refers to outstanding tax assessments but does not give amounts. The court found the market value to be between $110,000 and $160,000. S & P argues, citing *Yokley*, that encumbrances must first be deducted to reach a net value. Even if we do that, the remaining property value is at least $45,000. $10 is still less than one percent of that amount. There was no error in finding this grossly inadequate. Point denied.

### Bona Fide Purchaser Exception

■ Finally, S & P argues that even if the sale price was grossly inadequate, S & P was a bona fide purchaser for value without any knowledge of any irregularity in the sale, and thus the sale should not be disturbed.

A bona fide purchaser is "one who pays a valuable consideration, has no notice of outstanding rights of others, and who acts in good faith." *Community Bank v. Campbell,* 870 S.W.2d 838, 842 (Mo.App. W.D.1993) (quoting *Johnson v. Stull,* 303 S.W.2d 110, 118 (Mo.1957)). The title of a bona fide purchaser is unaffected by irregularities in the proceedings of an execution sale unless they render the execution void. *Wamsley v. Snow,* 331 Mo. 261, 266–67, 53 S.W.2d 258 (1932).

S & P argues that the irregularity in the sale price did not amount to fraud and therefore the sale is merely voidable, not void. Thus this argument is linked to the previous point: whether the sale price was so grossly inadequate as to render the judgment void. We find that it was. Regardless, we see no way to conclude S & P paid "valuable consideration." Point denied.

### Conclusion

S & P's argument that the trial court had no jurisdiction is based on outdated law and provides no current curtailment of jurisdiction that we can discern. The trial court did not err in concluding that a sale price that is less than one percent of the value of the home—even taking into account the only numerically specified encumbrance S & P claims—was grossly inadequate such that it shocked the conscience. Therefore, the sale was void and S & P cannot be considered a bona fide purchaser for value.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and MARY K. HOFF, J., concur.