Rick SWIFT, as Trustee of the Rick Swift Trust, Dated October 6, 2005, Plaintiff–Respondent,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, Defendant–Appellant.

No. SD 32762.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 23, 2013.

Thomas E. Nanney, Kansas City, MO, for Appellant.

Robert W. Evenson, Pineville, MO, for Respondent.

MARY W. SHEFFIELD, J.

Federal Home Loan Mortgage Corporation ("Federal Home") appeals from the trial court's order confirming a partition sale of real estate. Federal Home's arguments are without merit, and the trial court's judgment is affirmed.

### Factual and Procedural Background

The dispute in this case surrounds the ownership of a parcel of residential real estate ("the real estate") in Neosho, Missouri. Rick Swift ("ex-husband") was previously married to Connie Landreth Swift ("ex-wife"). On January 29, 2004, the Newton County Circuit Court entered a

judgment ("the January judgment") terminating the parties' marriage and awarding the real estate in fee simple to ex-wife. Ex-husband immediately filed a Motion for Reconsideration as soon as the January judgment was received.

Then on February 20, 2004, ex-wife refinanced the real estate and signed a deed of trust using the home as collateral in favor of Missouri Capital Finance ("Mo Cap"). The deed of trust secured a mortgage of $97,900. On that same day, Mo Cap assigned its rights to Chase Manhattan Mortgage Corporation ("Chase Manhattan"). A copy of the January divorce decree and deed of trust were recorded with the Recorder of Deeds on February 26, 2004.

On April 29, 2004, the Newton County Circuit Court held a hearing on the Motion for Reconsideration, set aside the January judgment, and entered an amended judgment ("the April judgment") in the dissolution case. The April judgment awarded the real estate to ex-husband and ex-wife as tenants in common. Although ex-wife and her attorney participated in the hearing, neither advised the trial judge of the refinancing. On October 27, 2005, ex-husband quitclaimed his interest in the real estate to the Rick Swift Trust ("the Trust") of which ex-husband was trustee.

Ex-wife subsequently defaulted on her mortgage with Chase Manhattan. Chase Manhattan foreclosed on its deed of trust. On December 3, 2010, Chase Home Finance, LLC ("Chase Home"), purchased the real estate at the foreclosure sale for $91,610.96. On December 14, 2010, Chase Home conveyed its interest in the real estate to Federal Home for one dollar and "other valuable consideration."

On July 28, 2011, ex-husband, in his capacity as trustee of the Trust, sued Federal Home seeking partition of the real estate. In its answer and affirmative defenses, Federal Home argued (1) the Trust had no interest in the real estate and (2) Federal Home was entitled to the protections of a bona fide purchaser for value. A trial was held in which the evidence described above was introduced.

The trial court entered its interlocutory judgment in partition on December 8, 2011. The trial court found the Trust and Federal Home were tenants in common in the real estate. The trial court further ordered the real estate be sold at public sale and the proceeds of the sale be divided.

A sheriff's sale was conducted, and the real estate was sold to the Trust for $1,000. Federal Home had a representative at the partition sale, but offered no bid. On the date of sale, Federal Home sought Prohibition in our Court, Case No. SD31813, which was denied on January 19, 2012. The Sheriff's Report of Sale was filed with the trial court on January 19, 2012. On January 20, 2012, the Trust filed a motion to approve the Report of Sale. Federal Home filed a motion in opposition, alleging the sale price was inadequate. Federal Home also moved to have the interlocutory judgment in partition set aside on the grounds that (1) Chase Home was a bona fide purchaser for value, (2) the April dissolution decree had never been recorded, and (3) the partition and sale would unjustly enrich the Trust.

On April 26, 2013, the trial court approved the sheriff's sale, and issued a final judgment for allocation and distribution of the proceeds of the sale. This appeal followed.

### Discussion

Federal Home raises four points on appeal: (1) the trial court erred in confirming the partition sale because the sale price was grossly inadequate; (2) the trial

court erred in refusing to set aside the interlocutory judgment of partition because Federal Home was a bona fide purchaser; (3) the trial court erred in refusing to set aside the interlocutory judgment of partition because Federal Home had an equitable lien on the Trust's interest in the real estate; and (4) the trial court erred in refusing to set aside the interlocutory judgment of partition because Federal Home is entitled to restitution. Federal Home's arguments are without merit for the reasons described below.

### Point I: Adequacy of Sale Price

In its first point, Federal Home argues "[t]he [c]ircuit [c]ourt erred in confirming the partition sale of [the real estate] because the sale price amounts to a sacrifice of [the real estate] and raises a presumption of fraud in that the sale price was less than one percent (1%) of [the real estate's] value." This argument is without merit because Federal Home uses the wrong test to determine the value. Under the appropriate test it is impossible to say the trial court abused its discretion in confirming the partition sale.

"A confirmation or rejection of a sale in partition is within the sound discretion of the trial court." *Plant v. Plant*, 825 S.W.2d 674, 682 (Mo.App.S.D.1992) (quoting *Borchers v. Borchers*, 352 Mo. 601, 179 S.W.2d 8, 12 (1944)). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before it and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Whelan v. Missouri Public Service, Energy One*, 163 S.W.3d 459, 461 (Mo.App.W.D.2005). Generally speaking, "inadequacy of price is not a sufficient ground for refusing to confirm a sale in partition, unless the inadequacy is so gross as to raise the

presumption of fraud." *Plant*, 825 S.W.2d at 682 (quoting *Borchers*, 179 S.W.2d at 12). Moreover, "[m]arket value may be considered in determining the adequacy of the sale price but it is not the measure of adequacy." *Hollida v. Hollida*, 131 S.W.3d 911, 917 (Mo.App.S.D.2004) (quoting *Koester v. Koester*, 543 S.W.2d 51, 55 (Mo.App. St.L.D.1976)).

Instead, "the test of adequacy in a judicial sale is the price received in comparison with what the property would bring in a fair sheriff's sale." *Id.* (quoting *Koester*, 543 S.W.2d at 55). "Property sold at a sheriff's sale will not normally sell for a price approaching its fair market value." *Id.* at 918 (quoting *Yokley v. Wian*, 877 S.W.2d 179, 183 (Mo.App.W.D. 1994)). Factors to be considered in determining what price a property will bring at a fair sheriff's sale "include the fact that the buyer is taking the property subject to any encumbrances, as-is structurally, and with the risk of legal processes needed to secure title." *Pleasant Hollow Homeowners Ass'n v. Webster*, 285 S.W.3d 421, 423 (Mo.App.E.D.2009).

In the present case, there is no evidence in the record of what price the real estate would have brought at a fair sheriff's sale. The original marital mortgage loan had an unpaid principle balance of approximately $78,313.81 remaining at the time of the dissolution in April 2004, but no value was placed on the real estate. Ex-wife used the real estate to secure a mortgage of $97,900 with Mo Cap who then assigned its rights to Chase Manhattan. The real estate then sold at the foreclosure sale for $91,610.96 to Chase Home. Chase Home sold the real estate to Federal Home for $1.00 and other valuable consideration. There was no evidence adduced as to the value of the property at the time of the sale to Trust. None of those figures are

values that take into account the potential risks associated with a sheriff's sale. In this matter, there were clearly legal risks to any prospective buyer considering the purchase of this real estate. On this record, it cannot be said that the trial court's decision not to set aside the sale was an abuse of discretion.

Federal Home compares this case to *Sangamon Associates, Ltd. v. The Carpenter 1985 Family Partnership, Ltd.*, 165 S.W.3d 141 (Mo. banc 2005). This reliance is misplaced because the procedural posture in *Sangamon* was different from the procedural posture in the present case. In *Sangamon*, the trial court did set aside the sale because the price was grossly inadequate. 165 S.W.3d at 143. Thus, the appellate court in that case had to determine if setting aside the sale was an abuse of discretion. Here, in contrast, we are presented with a situation where the trial court refused to set aside the sale. Thus, we are presented with the distinct question of whether the refusal to set aside the sale was an abuse of discretion. Given this difference, *Sangamon* is not applicable in the present case.

We cannot conclude the trial court abused its discretion in refusing to set aside the sale. Federal Home's first point is denied.

### Points II, III, and IV

Federal Home's remaining points raise legal challenges to the trial court's refusal to set aside its interlocutory judgment in partition. In a partition action, "we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Clark v. Dady*, 131 S.W.3d 382, 386 (Mo.App.W.D.2004).

### Point II: Federal Home Is Not a Bona Fide Purchaser

In its second point, Federal Home argues the trial court erred in refusing to set aside its interlocutory judgment in partition because Federal Home is a bona fide purchaser as it had no notice of the changes that occurred between the January and the April judgment. Federal Home's argument is incorrect.

Federal Home cannot meet the requirements to be considered a bona fide purchaser because it had constructive notice of the April judgment. Generally speaking, "[a] bona fide purchaser takes property free and clear of any and all liens of third parties." *State ex rel. Missouri Hwys. and Transp. Comm'n v. Westgrove Corp.*, 364 S.W.3d 695, 703 (Mo.App.E.D. 2012) [hereinafter *Westgrove* ] (quoting *Community Bank of Chillicothe, Mo. v. Campbell*, 870 S.W.2d 838, 842 (Mo.App. W.D.1993)). However, the party seeking such protection has the burden of proving it meets the elements of a bona fide purchaser. *Will Invs., Inc. v. Young*, 317 S.W.3d 157, 165 (Mo.App.S.D.2010). "A bona fide purchaser is one who pays valuable consideration with no notice of any outstanding rights of others, and who acts in good faith." *Westgrove*, 364 S.W.3d at 703. There is no dispute that Federal Home's predecessor in interest, Chase Home, paid valuable consideration when it bought the real estate at the foreclosure sale in December 2010, nor that Mo Cap paid valuable consideration for the interest it purchased in January 2004. Thus, the only issues are whether Federal Home had notice that ex-husband had an interest in the real estate and whether Federal Home acted in good faith. The issue of notice is dispositive.

"The notice sufficient to defeat a claim of bona fide purchaser status can be actual or constructive notice of facts that

would place a reasonable person upon inquiry about the title he is about to purchase." *Id.* When the timeline in this case is examined in light of Rule 75.01,[1] it is obvious the January judgment was not final when ex-wife secured the mortgage with Mo Cap. Mo Cap contracted with ex-wife to obtain the interest that she had in the real estate at the time the deed of trust was executed. Any successor to Mo Cap only took the interest Mo Cap had in the real estate. Future parties in the chain of title should have been alerted to a situation that required investigation.

Rule 75.01 provides that the trial court retains control over its judgments for thirty days after the entry of any judgment. That is, a judgment does not become final, and can still be amended, reopened, or vacated on the court's own motion, for thirty days after it is entered. Rule 75.01. Here, the January judgment was entered on January 29, 2004. Ex-wife secured her mortgage and executed her deed of trust in favor of Mo Cap on February 20, 2004, just 22 days after the entry of the original dissolution judgment. That judgment was set aside by the April judgment. Thus, anyone looking at the January judgment could have determined, simply by looking at the rule and the face of the judgment, that the judgment was not final and was subject to change at the time Mo Cap received the deed of trust in its favor. This was sufficient to put a reasonable successor on inquiry notice regarding the state of the title to the real estate. *See Westgrove*, 364 S.W.3d at 704. In addition, when Federal Home took title in 2010, a title search of the property would have revealed the quitclaim deed from ex-husband to Trust which would have put Federal Home on notice as well.

Federal Home attempts to seek some protection from the fact that the April decree was never recorded. This argument is unpersuasive. Mo Cap entered into the mortgage with ex-wife subject to her limited interest in the real property which remained in limbo until there was a final judgment. *See Bearden v. Hodge,* 273 S.W.2d 207, 213 (Mo. banc 1954) (noting that a warranty deed delivered by a co-tenant "passed title to only an undivided one-half interest."); 86 C.J.S. *Tenancy in Common* § 151 (2013) (noting that the grantee of a tenant in common "can acquire no greater interest than the grantor had."). Ex-husband retained his interest in the real estate despite the agreement made between ex-wife and Mo Cap as to her undetermined interest in the real estate.

Federal Home's second point is denied.

### *Point III and Point IV*

■ In its final two points, Federal Home claims the trial court erred in confirming the partition sale because Federal Home was entitled to an equitable lien and restitution. We decline to address these claims because they were not properly presented to the trial court.

■ "An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide." *First Bank Centre v. Thompson,* 906 S.W.2d 849, 859 (Mo.App.S.D.1995). In the present case, Federal Home did not raise its claims for restitution and equitable lien in its answer or in its amended answer. In fact, Federal Home did not first broach these purported claims until well after the trial court had entered its interlocutory judgment in partition based upon the issues raised in the pleadings. We will not convict the trial court of error with respect to claims it did not decide.

1. All rule references are to Missouri Court Rules (2013).

The fact that Federal Home mentioned the remedies of equitable lien and restitution in its suggestions in opposition to ex-husband's motion to approve the Sheriff's Report of Sale does not alter this conclusion because the remedies of equitable lien and restitution are affirmative claims for relief. As such, those claims had to be raised in a petition or in the answer as counterclaims. "The purpose of a pleading is to limit and define the issues to be tried in a case and [to] put the adversary on notice thereof." *Smith v. City of St. Louis,* 395 S.W.3d 20, 24 (Mo. banc 2013). "The trial court's authority is limited to such questions as are presented by the parties in their pleadings." *McClain v. Hartley,* 320 S.W.3d 183, 185 (Mo.App.E.D.2010). Mentioning an alternate theory for relief in a later motion does not invest the trial court with authority to address claims not presented in a pleading. *See City of Greenwood v. Martin Marietta Materials, Inc.,* 311 S.W.3d 258, 264–68 (Mo.App.W.D.2010) (reversing a trial court's grant of injunctive relief where the claim for injunctive relief was raised by motion but not in the pleadings). Federal Home did not present its requests for an equitable lien or restitution in the pleadings, and the trial court had no opportunity to decide these issues. We have no basis for ruling on these claims.

Federal Home's third and fourth points are denied.

### Decision

The trial court's judgment is affirmed.

GARY W. LYNCH and DON E. BURRELL, JJ., concur.