

# In the Missouri Court of Appeals

# Eastern District

### DIVISION III

| | | |
|---|---|---|
| SONYA M. LONG, | ) | No. ED101612 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Colleen Dolan |
| NEENA F. HARDIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 10, 2015 |

Introduction

Appellant Neena Hardin ("Hardin") appeals from the judgment of the trial court denying her motion to set aside a sheriff's sale of residential real estate co-owned by Hardin and her sister Respondent Sonya Long ("Long"). Hardin alleges that the sale should have been set aside because she had no notice of the sale and because the sale price was so inadequate that it raises the presumption of fraud. However, Hardin offered no evidence as to what price the real estate may have brought at a fair sheriff's sale, and the record contains no evidence of fraud, collusion, or deceit in connection with the sheriff's sale of the Property. Accordingly, we find no error and affirm the judgment of the trial court.

Factual and Procedural History

Hardin and Long were the sole owners of real property in St. Louis County known and numbered as 2034 Sun Valley, St. Louis, Missouri 63136 ("the Property"). The Property was purchased on August 28, 1973, by Long, her husband Richard Moore ("Moore"), and her mother Glorious Hardin ("Mother"). Long, Moore and Mother signed a thirty-year note and deed of trust when they purchased the property. Long and Moore divorced in 1975, at which time Moore deeded his interest in the Property to Long and Mother. In 1991, Long and Mother executed a deed transferring Mother's interest in the Property to Long and Mother's other daughter, Hardin. Long continued to live in the Property and make the deed of trust payment until 1992.

In 2011, Long made a formal demand that Hardin buy out Long's interest in the property or sell the property. When Hardin refused to buy out Long's interest, Long petitioned the trial court for a partition of the Property. On March 13, 2013, the trial court entered its findings of fact, conclusions of law, and judgment ordering the Property to be sold and the net sale proceeds divided two-thirds to Long to one-third to Hardin. In its judgment, the trial court made a factual finding that the value of the property was $65,000.

Hardin filed an appeal of the trial court's judgment that was later dismissed by this Court in Cause No. ED99923. The trial court then issued an order to the St. Louis County Sheriff to advertise and sell the Property in accordance with its March 13, 2013 judgment and Rule 96.21.[1] The St. Louis County Sheriff published notice of the sale in The Countian for four consecutive weeks starting with the January 24, 2014 edition and ending with the February 14, 2014 edition. On February 27, 2014, Long purchased the Property at the Sheriff's sale for a price of $10.

Hardin filed a motion to set aside the sheriff's sale and order a new sale on May 2, 2014. Hardin argued that neither she nor her attorney was notified that a proposed order of partition

---

[1] All rule references are to Mo. R. Civ. P. (2014).

2

sale had been sent to the trial court, and therefore she was unable to review the order or request any modifications or conditions. Hardin further argued that the purchase price of $10 was so inadequate as to raise a presumption of fraud. For these reasons, Hardin requested that the trial court set aside the sheriff's sale and order a new sale of the Property. On May 15, 2014, the trial court denied Hardin's motion. This appeal follows.

## Point on Appeal

Hardin presents one point on appeal, but within that point raises two separate allegations of trial court error.[2] First, Hardin alleges that the trial court erred in refusing to set aside the sheriff's sale because the Supreme Court Rules require that any proposed order of sale be presented by motion to the trial court with notice served on all parties. Second, Hardin alleges that the trial court erred in refusing to set aside the sheriff's sale because the sale price for the Property was so inadequate that it shocks the conscience and raises a presumption of fraud.

## Standard of Review

We review the judgment of the trial court under the standard set forth in Murphy v. Carron. That is, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

After a public sale of property is conducted, the confirmation or rejection of the sale is within the sound discretion of the trial court. Sangamon Associates, Ltd. v. Carpenter 1985 Family P'ship, Ltd., 165 S.W.3d 141, 144 (Mo. banc 2005). This decision will not be disturbed

---

[2] For this reason Hardin's point relied on violates Rule 84.04(d)(1). See Rogers v. Hester ex rel. Mills, 334 S.W.3d 528, 536 (Mo. App. S.D. 2010) (dismissing points relied on that included multiple allegations of trial court error). However, because we can discern Hardin's two distinct arguments, we exercise our discretion to review her claims *ex gratia*.

3

on appeal unless there is a manifest abuse of discretion. Id. To establish a manifest abuse of discretion, there must be a grievous error where the prejudice cannot be removed otherwise. Croxton v. State, 293 S.W.3d 39, 42 (Mo. App. E.D. 2009).

Hardin first argues that the trial court erred in denying her motion to set aside the sheriff's sale because she was never notified that a proposed order of sale was presented to the trial court, nor was she notified that an order of sale had been issued by the trial court. Additionally, Hardin contends that Long violated Rule 55.26 when she presented a proposed order for a partition sale without filing a motion. If Long had filed the proposed order as a motion, Hardin asserts that Rule 43.01 would have required her to serve a copy of the motion on Hardin's attorney. Hardin argues that without notice of the proposed order, she was not able to respond to the proposed order or attend the sale.

Hardin did not present the issue of Long's alleged violation of Rule 55.26 to the trial court. Accordingly, that issue is not preserved for appeal. In re Marriage of Adams, 414 S.W.3d 29, 37 (Mo. App. S.D. 2013) ("[T]here can be no review of a legal proposition which was not presented to or expressly decided by the trial court. Likewise, a party may not present one theory in the trial court and, for the first time, on appeal espouse a different one."). Thus, the only claim left for our review is Hardin's conclusory assertion that she should have been notified when a proposed order of sale was filed with the trial court.

In her motion to set aside the sheriff's sale, Hardin argued that because she was never notified that a proposed order of sale had been presented to the trial court, she had no chance to review the order or request any modifications or conditions. Additionally, Hardin complained that she lacked the opportunity to be heard before the order of sale was entered. Notably, Hardin does not allege that the order of sale was in any way defective, or that a particular modification

4

or condition to the order of sale was necessary to protect her interests at the sale. Without any indication as to how the lack of notice prejudiced Hardin, we are not persuaded that the trial court manifestly abused its discretion in denying Hardin's motion to set aside the sale on this ground. Coats v. Hickman, 11 S.W.3d 798, 807 (Mo. App. W.D. 1999) (reversible error requires a demonstration of prejudice to the appellant).

Hardin next argues that the trial court erred in refusing to set aside the sheriff's sale because the $10 purchase price paid for the Property was so grossly inadequate that it raises the presumption of fraud and amounts to a sacrifice.

The Southern District recently summarized the relevant Missouri case law addressing the adequacy of sale price in a partition sale. The court explained:

> [I]nadequacy of price is not a sufficient ground for refusing to confirm a sale in partition, unless the inadequacy is so gross as to raise the presumption of fraud. Moreover, market value may be considered in determining the adequacy of the sale price but it is not the measure of adequacy. Instead, the test of adequacy in a judicial sale is the price received in comparison with what the property would bring in a fair sheriff's sale. Property sold at a sheriff's sale will not normally sell for a price approaching its fair market value. Factors to be considered in determining what price a property will bring at a fair sheriff's sale include the fact that the buyer is taking the property subject to any encumbrances, as-is structurally, and with the risk of legal processes needed to secure title.

Swift v. Fed. Home Loan Mortgage Corp., 417 S.W.3d 342, 345 (Mo. App. E.D. 2013) (internal quotations omitted) (refusing to aside sheriff's sale where the property was valued at $91,610.96 and sold for $1000). Moreover, a party seeking to set aside a judicial sale on the ground of inadequacy of sale price must generally adduce some evidence of fraud or irregularity attending the sale. Boatmen's Bank of Jefferson Cnty. v. Cmty. Interiors, Inc., 721 S.W.2d 72, 78 (Mo. App. E.D. 1986).

We acutely recognize that $10 is vastly less that the $65,000 value placed on the property by the trial court one year earlier. We are mindful, however, that market value is not the

5

measure of adequacy in a judicial sale under Missouri law. <u>Swift</u>, 417 S.W.3d at 345. Rather, the test for adequacy is the price received at the sale in comparison with what the Property would bring in a fair sheriff's sale. <u>Id.</u> Regrettably, Hardin offered no evidence as to what price the Property may have brought at a fair sheriff's sale. Moreover, Hardin has not presented any evidence of fraud or irregularity in the conduct of the sheriff's sale, nor has she suggested that the sale was conducted in an unfair manner. The record lacks any evidence that reasonably could support a finding of fraud, collusion, or deceit in connection with the sheriff's sale of the Property. As a result, Hardin's appeal hinges on only one claim – that the sale price of $10 was so grossly inadequate as to amount to fraud. As previously noted, the mere allegation of inadequacy of a sheriff's sale based upon the market value of a property is simply not enough to warrant setting aside a sheriff's sale. <u>Boatmen's Bank of Jefferson Cnty,</u> 721 S.W.2d at 78. Based upon the sparse record before us, we cannot hold that the trial court's refusal to set aside the sheriff's sale was a manifest abuse of discretion.

## Conclusion

Finding no error, we affirm the judgment of the trial court.

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

6